**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Kerry Kidd</u>

   v.                                             Civil No. 11-cv-350-JL

<u>Larry Blaisdell, Warden</u>
<u>Northern New Hampshire</u>
<u>Correctional Facility</u>


**O R D E R**


Before the court is the petition for writ of habeas corpus (doc. no. 1), filed by pro se petitioner, Kerry Kidd.  The matter is here for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed.  <u>See</u> Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

**Standard of Review**

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  <u>Id.</u>  In undertaking this review, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P.

12(b)(6). The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a petition for federal habeas relief. See Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991) (habeas petition was properly dismissed on the merits sua sponte, where petitioner's arguments were readily resolved without resort to transcript, and district court had access to pertinent documents filed with petition including parties' state court briefs and state court decision); see also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (standard of review applicable in determining if complaint states viable claims); cf. Day v. McDonough, 547 U.S. 198, 209-10 (2006) (holding that, as with exhaustion, district court may sua sponte raise statute of limitations and dismiss habeas petition, after providing parties with notice and opportunity to respond).

    The court undertakes this preliminary review of the petition with due consideration for the petitioner's pro se status. "As a general rule, we are solicitous of the obstacles that pro se litigants face, and while such litigants are not exempt from procedural rules, we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se

claims due to technical defects." Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

In 2006, Kidd was charged with aggravated felonious sexual assault on a minor. The witnesses who testified at trial included the victim and Kidd's estranged wife. Attorney Lee Topham represented Kidd at trial. Kidd asserts in this petition that Topham provided ineffective assistance of counsel, as specified more fully herein.

A jury convicted Kidd in September 2006, and the court sentenced Kidd to ten to twenty years in prison. The New Hampshire Supreme Court ("NHSC") affirmed Kidd's conviction on December 21, 2007, in NHSC case no. 2007-0151.

Kidd filed a motion for a new trial on January 22, 2008, asserting that Attorney Topham had provided ineffective assistance of counsel. Kidd offered expert testimony and other evidence in connection with his motion in an effort to show that counsel's performance had been so deficient as to violate the standard set in Strickland v. Washington, 466 U.S. 668 (1984). The superior court in Grafton County denied the motion on June 8, 2009.

Kidd appealed the order denying a new trial to the NHSC. In his appellate brief, Kidd cited the state and federal constitutions in arguing that trial counsel's deficient performance had deprived Kidd of a fair trial. In particular, Kidd cited the following claimed deficiencies: (1) counsel failed to cross-examine witnesses and failed to adequately highlight discrepancies between the witnesses' out-of-court statements and their testimony at trial; and (2) counsel failed to object to the prosecutor's and trial court's use of the term "victim" during jury selection and at trial. The NHSC issued an opinion on August 31, 2010, affirming the order denying a new trial. See State v. Kidd, No. 2009-0453 (N.H. Aug. 31, 2010).

Kidd filed the instant petition for federal habeas relief in July 2011. The petition includes the following claims asserting that trial counsel's performance failed to meet the benchmark set in Strickland v. Washington, 466 U.S. 668 (1984), and thus violated his Sixth Amendment right to effective assistance of counsel at trial[1]:

---

[1] The claims identified herein shall be considered to be the claims asserted in the petition (doc. no. 1). If Kidd disagrees with this identification of the claims, he must properly file a motion for reconsideration of this Order, or a motion to amend the petition.

1. Counsel failed to cross-examine witnesses and failed to adequately highlight discrepancies between out-of-court statements and testimony at trial;

2. Counsel failed to object to the prosecutor's and trial court's use of the term "victim" during jury selection and at trial;

3. Counsel prohibited Kidd from testifying on his own behalf;

4. Counsel failed to request an independent medical examination of Kidd for possible erectile dysfunction, which Kidd asserts would show that if Kidd were intoxicated as the victim had testified, Kidd not have been unable to commit the assault;

5. Counsel failed to investigate a possible defense theory that a vindictive motive underlay Kidd's estranged wife's testimony against Kidd;

6. Counsel failed to subpoena witnesses as requested by Kidd, to testify to the vindictiveness of Kidd's estranged wife;

7. Counsel failed to introduce evidence of a letter that Kidd asserts would have shown that the victim had lied about the assault;

8. Counsel failed to object to a witness' statement that Kidd's estranged wife and his mother-in-law were in therapy, where that statement was prejudicial in implying that their need for therapy resulted from the assault and was not related to their underlying diagnoses of depression;

9. Counsel failed to object to or otherwise control the volume of speech used in bench conferences, which allowed the jury to hear the substance of such conferences; and

10. Counsel failed to show Kidd the responses provided by prospective jurors on a juror questionnaire, which prevented Kidd from providing input as to whether any particular jurors might be biased.

**Discussion**

I. Custody

To be eligible for habeas relief on his federal claims, Kidd must show that he is in custody in violation of his federal constitutional or statutory rights. See 28 U.S.C. § 2254(a). Kidd's incarceration pursuant to the sentence imposed on the challenged conviction satisfies the custody requirement in § 2254(a).

II. Exhaustion

To be eligible for relief on his federal claims in a § 2254 petition, a petitioner must show that he has exhausted the remedies available to him in the State courts on those claims, or that State corrective processes are unavailable or ineffective to protect his rights. See 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c). Unexhausted claims cannot generally be cited as grounds for granting federal habeas relief. See id. § 2254(b). "[A] petitioner's failure to present his federal constitutional claim to the state courts is

ordinarily fatal to the prosecution of a federal habeas case." Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011).

A petitioner's remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988). "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotations and citation omitted). "'The appropriate focus [in an exhaustion inquiry] centers on the likelihood that the presentation in state court alerted that tribunal to the claim's federal quality and approximate contours.'" Coningford, 640 F.3d at 482 (emphasis in original) (quoting Nadworny v. Fair, 872 F.2d 1093, 1098 (1st Cir. 1989)).

"Ineffective assistance of counsel claims must be exhausted as to each ground alleged to constitute a violation of the Sixth Amendment." Evicci v. Maloney, No. Civ.A. 99-11561-DPW, 2003 WL 21339277, *7 (D. Mass. June 4. 2003), aff'd, 387 F.3d 37 (1st Cir. 2004). To demonstrate that he has exhausted each of his claims of ineffective assistance of counsel, Kidd must show that

7

he fairly presented to the NHSC the factual basis of each specific claim raised in the § 2254 petition. See id.

Kidd has shown that he has exhausted his first two claims of ineffective assistance of counsel, identified above, insofar as the NHSC decision on the denial of the new trial specifically addresses those claims. Kidd has failed to file in this court, however, any lower court decisions, briefs, or notices of appeal filed in the NHSC, which would support his contention that the remaining ineffective assistance of counsel claims were raised in the NHSC. Kidd has thus failed to demonstrate here that he exhausted his state court remedies on all of the claims asserted in the petition (doc. no. 1).

A federal habeas petition containing unexhausted and exhausted claims is subject to being dismissed without prejudice, or, as appropriate, stayed to grant the petitioner an opportunity to exhaust all of his claims. See Rhines v. Weber, 544 U.S. 269, 278-79 (2005). Alternatively, a petitioner may be granted leave to file an amended petition that omits any unexhausted claims, see id., although in choosing to forego unexhausted claims, the petitioner risks losing the chance to file these claims in a future habeas petition, due to the prohibition against second or successive habeas petitions set forth in 28 U.S.C. § 2244(b). See, e.g., Gautier v. Wall, 620

F.3d 58, 60-61 (1st Cir. 2010) (claim presented for first time in second § 2254 petition must be dismissed).

The § 2254 petition (doc. no. 1) filed here includes claims, numbered 3 – 10 above, as to which Kidd has not demonstrated exhaustion.  A more fully developed record may yet demonstrate exhaustion.  Kidd shall be granted leave:  (1) to amend his petition to demonstrate that he has exhausted Claims 3-10; (2) to file a motion to stay this action so that he may completely exhausted his state remedies on Claims 3-10; or (3) to notify the court that he intends to forego all of his unexhausted claims, so that the petition may proceed on claims 1 and 2 alone.

## Conclusion

Kidd must amend his petition either to demonstrate that he has exhausted his state court remedies as to Claims 3-10 above, or to forego any federal habeas claim as to those claims that have not been exhausted.  Accordingly, the court enters the following order:

> 1.  If Kidd has exhausted any of his state court remedies as to claims 3 – 10 above, Kidd must file, within 30 days of the date of this Order, the briefs, notice of appeal, opinions of the court, or other pertinent documents in the record before the NHSC, that demonstrate such exhaustion.

      2. If Kidd has not exhausted all of his state court remedies as to those claims, Kidd must notify this court, within 30 days of the date of this Order, whether he intends to forego seeking federal habeas relief as to the unexhausted claims. Upon receipt of such notice, this court will direct that the petition, omitting all unexhausted claims, be served on the respondent.

      3. If Kidd elects not to forego all of his unexhausted claims, he must file, within 30 days of this Order, a motion to stay this action, which, if granted, will allow Kidd time to initiate a proceeding in state court to exhaust his state court remedies on any claims asserted in this petition that have not previously been exhausted.

      4. Should Kidd fail to amend his petition as directed, or otherwise fail to comply with this order, the court may recommend that the petition be dismissed for failure to demonstrate exhaustion of state remedies as to all of the claims asserted therein. <u>See</u> 28 U.S.C. § 2254(b).

      SO ORDERED.

                                              _____
                                              Landya McCafferty
                                              United States Magistrate Judge

January 31, 2012

cc: Kerry Kidd, pro se

LBM:nmd