**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Kerry Kidd

    v.                               Civil No. 11-cv-350-JL

Acting Warden, Northern New Hampshire
Correctional Facility


**O R D E R**


Before the court is petitioner Kerry Kidd's motion to amend (doc. no. 10) his petition for writ of habeas corpus under 28 U.S.C. § 2254.  Kidd filed the motion in response to this court's order (doc. no. 9), directing Kidd to file an amended petition demonstrating that he has exhausted his state court remedies on his federal habeas claims.

Kidd has asserted in the motion that he has exhausted his state remedies as to all of his federal claims, and he has attached to the motion a New Hampshire Supreme Court ("NHSC") order declining his discretionary appeal in May 2011 to demonstrate that he has satisfied the exhaustion prerequisite to a federal habeas action.  In the motion to amend, Kidd also requests that this court expand its list of identified claims to include several that Kidd asserts were omitted from the court's previous list of claims.  See Order (doc. no. 9) (identifying Kidd's § 2254 claims).

The motion (doc. no. 10) is granted, insofar as it requests
that the list of claims be expanded.  The following is a
complete list of all claims in the § 2254 petition,[1] each of
which asserts that trial counsel's performance violated Kidd's
Sixth Amendment right to the effective assistance of counsel[2]:

> 1.    Counsel (a) failed to cross-examine witnesses, (b)
> failed to adequately highlight discrepancies between out-
> of-court statements and testimony at trial, and (c) failed
> to impeach witnesses regarding changes in their statements,
> including both the victim's and Kidd's estranged wife's
> statements regarding the victim sleeping in a tent and
> whether others were told about the assault;
>
> 2.    Counsel failed to object to the prosecutor's and trial
> court's use of the term "victim" during jury selection and
> at trial;
>
> 3.    Counsel prohibited Kidd from testifying on his own
> behalf;
>
> 4.    Counsel failed to request an independent medical
> examination of Kidd for possible erectile dysfunction,
> which Kidd asserts would have shown that if Kidd were
> intoxicated as the victim had testified, Kidd would not
> have been able to commit the assault;

---

1 The claims identified herein shall be considered to be the
claims asserted in the petition (doc. no. 1).  If Kidd disagrees
with this identification of the claims, he must properly file a
motion for reconsideration of this Order, or a motion to amend
the petition.

2 The court has included in the list all of the claims
asserted by Kidd in his motion to amend (doc. no. 10).  The
court has combined or renumbered the claims to distinguish those
that have been exhausted (Claims 1 and 2), from those as to
which Kidd has not yet demonstrated exhaustion (Claims 3-14).

5.    Counsel failed to investigate a possible defense theory that a vindictive motive underlay Kidd's estranged wife's testimony;

6.    Counsel failed to subpoena witnesses, as requested by Kidd, to testify to the vindictiveness of Kidd's estranged wife;

7.    Counsel failed to introduce evidence of a letter that Kidd asserts would have shown that the victim had lied about the assault;

8.    Counsel failed to object to a witness' statement that Kidd's estranged wife and his mother-in-law were in therapy, where that statement was prejudicial as it implied that their need for therapy resulted from the assault by Kidd, and was not related to their underlying diagnoses of depression;

9.    Counsel failed to object to or otherwise control the volume of speech used in bench conferences, which allowed the jury to hear the substance of such conferences;

10.   Counsel failed to show Kidd the responses provided by prospective jurors on a juror questionnaire, which prevented Kidd from providing input as to whether any particular juror might be biased;

11.   Counsel failed to call Kidd's son's mother to testify to Kidd's erectile dysfunction when he is under the influence of alcohol;

12.   Counsel failed to request an independent medical examination of the victim to show the absence of scarring or other medical evidence of an assault;

13.   Counsel failed to seek medical records of the victim which would show that no examination of the victim occurred after the assault, for the purpose of proving that no assault occurred, because concerned parents would take their child to the doctor for an examination if they believed that an assault had occurred; and

14.   Counsel failed to become aware of or attend to Kidd's need for medication for attention deficit hyperactivity

disorder ("ADHD") at trial, such that Kidd had difficulty being assertive and focused at trial.

Seeking to demonstrate that he has exhausted his state remedies on each of these claims, Kidd filed an NHSC order as an exhibit to his motion to amend.  That order declined Kidd's appeal of the denial of his state habeas petition.  See Kidd v. Warden, No. 2011-0232 (N.H. May 19, 2011) (declining to accept appeal in state habeas proceeding).  That NHSC order does not list any of the issues that were raised in that appeal.  To demonstrate to this court that he has exhausted his state court remedies, Kidd must file in this court the notice of appeal and any briefs, appendices, superior court opinions, or motions filed in the NHSC that raised each of his federal claims.

## Conclusion

Kidd's motion to amend (doc. no. 10) is granted in part, insofar as this court has set forth above a complete list of all claims asserted by Kidd in the § 2254 petition.

Kidd is ordered to file the following documents, by March 1, 2012, to demonstrate that he has exhausted his state court remedies as to all of the claims in the § 2254 petition:

1. The notices of appeal filed in NHSC Case No. 2009-0453 and in NHSC Case No. 2011-0232;

2. Any briefs, motions, or appendices filed by Kidd in NHSC
   Case No. 2009-0453 and in NHSC Case No. 2011-0232, which
   show the details of the ineffective assistance of counsel
   claims asserted by Kidd in the state courts;

3. All orders of the Grafton County Superior Court in Case
   No. 06-S-308 as to Kidd's motion for a new trial, and all
   orders of the Coös County Superior Court in Case No. 214-
   2010-cv-00156, which discuss or include reference to the
   ineffective assistance of counsel claims asserted by
   Kidd; and

4. A statement notifying this court as to whether Kidd
   chooses to forego any claim for federal habeas relief
   that he has failed to exhaust in the state courts,
   recognizing that by doing so, he would likely lose the
   opportunity to assert such claims in the future due to
   the prohibition on successive habeas petitions contained
   in 28 U.S.C. § 2244.

   After this court receives the documentation filed by Kidd

in response to this order, the court will determine whether all

of the claims asserted in the instant petition have been

exhausted, and whether the § 2254 petition may proceed.  Kidd's

failure to comply with this order will result in this court's

recommendation that the petition be dismissed for failure to

demonstrate exhaustion.

   SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

February 9, 2012
cc:  Kerry Kidd, pro se

LBM:nmd

5