UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kerry Kidd

    v.                                              Civil No. 11-cv-350-JL

Edward Reilly, Warden,
Northern New Hampshire
Correctional Facility

**REPORT AND RECOMMENDATION**

Kerry Kidd petitions for a writ of habeas corpus. See 28 U.S.C. § 2254. In an order dated November 20, 2012, Judge Laplante approved my recommendation that summary judgment be granted in favor of respondent as to ten of the fourteen grounds on which Kidd based his claim of ineffective assistance of counsel. See doc. no. 35. Before me now for a report and recommendation is respondent's motion for summary judgment as to the final four grounds supporting Kidd's ineffective-assistance claim. While Kidd filed an objection to my report and recommendation, and an amendment thereto, see doc. nos. 32 & 34, he has not objected to respondent's second summary-judgment motion. For the reasons that follow, I recommend that respondent's motion be granted.

**The Legal Standard**

A federal court may grant habeas-corpus relief "only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The power of the federal courts to grant habeas-corpus relief to state prisoners has been significantly limited by passage of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Under that statute, when a prisoner brings a claim in federal court that "was adjudicated on the merits in State court proceedings," id.,

> [f]ederal habeas relief may not be granted . . . unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, [28 U.S.C.] § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Harrington v. Richter, 131 S. Ct. 770, 785 (2011) (parallel citations omitted); see also Morgan v. Dickhaut, 677 F.3d 39, 46 (1st Cir. 2012). As the Harrington Court went on to explain:

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. Cf. Felker v. Turpin, 518 U.S. 651, 664 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). It preserves authority

> to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther.  Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.  <u>Jackson v. Virginia</u>, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment).  As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

<u>Harrington</u>, 131 S. Ct. at 786-87 (parallel citations omitted).

## Discussion

Respondent has been granted summary judgment on Kidd's ineffective-assistance claim as to ten of the grounds raised in his petition.  Four grounds remain to be addressed.  Respondent moves for summary judgment, arguing that all four grounds have been procedurally defaulted and, in any event, are without merit.  As noted, Kidd has filed no objection to respondent's second summary-judgment motion.  Respondent's procedural-default argument is meritorious, and dispositive.

As construed by the court, the four remaining grounds for Kidd's ineffective-assistance claim are that:

>    11.  Counsel failed to call Kidd's son's mother to testify to Kidd's erectile dysfunction when he is under the influence of alcohol;
>
>    12.  Counsel failed to request an independent medical examination of the victim to show the absence of scarring or other medical evidence of an assault;
>
>    13.  Counsel failed to seek medical records of the victim which would show that no examination of the victim occurred after the assault, for the purpose of proving that no assault occurred, because concerned parents would take their child to the doctor for an examination if they believed that an assault had occurred; and
>
>    14.  Counsel failed to become aware of or attend to Kidd's need for medication for attention deficit hyperactivity disorder ("ADHD") at trial, such that Kidd had difficulty being assertive and focused at trial.

Order (doc. no. 11), at 3-4.

The issues underlying grounds eleven through fourteen were: (1) raised in Kidd's motion for a new trial in the New Hampshire Superior Court; (2) neither briefed by his counsel nor argued at the hearing on that motion; (3) neither presented in Kidd's notice of appeal from Judge Vaughan's decision to deny his motion for a new trial, nor briefed in the New Hampshire Supreme Court; (4) raised in Kidd's state petition for habeas-corpus relief; and (5) rejected by Judge Bornstein on grounds that Kidd failed to preserve them for collateral review.  In other words, these four grounds stand on exactly the same footing as grounds

eight, nine, and ten.  Thus, the legal principles and analysis supporting summary judgment for respondent as to grounds eight, nine, and ten, see doc. no. 30, at 19-21, 35-36, also entitle respondent to summary judgment on what remains of Kidd's ineffective-assistance claim, i.e., grounds eleven, twelve, thirteen, and fourteen.

## Conclusion

For the reasons described above, I recommend that respondent's motion for summary judgment, document no. 31, be granted.  Moreover, I recommend that the court not issue a certificate of appealability, because Kidd has not (1) shown that reasonable jurists could debate whether his petition should have been resolved in a different manner; (2) shown that the issues presented were adequate to deserve encouragement to proceed further; or (3) otherwise made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's

5

order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                             _____
                                             Landya McCafferty
                                             United States Magistrate Judge

November 28, 2012

cc:  Kerry Kidd, pro se
     Elizabeth C. Woodcock, Esq.