UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Kerry Kidd

   v.                                    Civil No. 11-cv-350-JL

New Hampshire State Prison Warden[1]


**REPORT AND RECOMMENDATION**

Before the court is petitioner Kerry Kidd's motion to reconsider (doc. no. 46), which seeks: an order vacating the entry of judgment in this case; and reconsideration of the December 29, 2012, order (doc. no. 42) granting summary judgment to respondent. Kidd further requests a hearing on all of his claims for relief, pursuant to 28 U.S.C. § 2254. The respondent has objected (doc. no. 47).

Background

Kidd's § 2254 petition asserted multiple Sixth Amendment claims of ineffective assistance by his trial counsel, Attorney Lee Topham. The respondent filed two motions for summary judgment (doc. nos. 27 and 31). The court issued one report and

---

[1] Petitioner's current custodian is the New Hampshire State Prison Warden, who is properly designated as the respondent in this action. See Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts; Fed. R. Civ. P. 17(d).

recommendation on October 15, 2012, and another on November 28, 2012, recommending that the district judge grant those motions. See Kidd v. Reilly, No. 11-CV-350-JL (doc. no. 30), 2012 WL 5874321 (D.N.H. Oct. 15, 2012); see also id. (doc. no. 36), 2012 WL 6760240 (D.N.H. Nov. 28, 2012).  The district judge approved each report and recommendation, thereby resolving all claims in this action.  See Kidd v. N.N.H. Corr. Facility, No. 11-CV-350-JL (doc. no. 35), 2012 WL 5873709 (D.N.H. Nov. 20, 2012) (approving October 15 report and recommendation); see also id. (doc. no. 42), 2012 WL 6757524 (D.N.H. Dec. 29, 2012) (approving November 28 report and recommendation).  The clerk entered judgment on January 2, 2013 (doc. no. 43).

On January 18, 2013, Kidd filed his motion (doc. no. 46). Kidd's motion remained pending while Kidd appealed the November 28 report and recommendation.  The First Circuit dismissed that appeal on March 7, 2013.  See Kidd v. N.N.H. Corr. Facility, No. 13-1012 (1st Cir. Mar. 7, 2013).

## Discussion

The court construes Kidd's motion as intending to seek relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  See Piazza's Seafood World, LLC v. Odom, 448 F.3d 744, 748 n.9 (5th Cir. 2006) ("[A]ny motion that draws into

question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." (internal quotation marks and citations omitted)); see also United States v. $23,000 in U.S. Currency, 356 F.3d 157, 165 (1st Cir. 2004) ("a motion 'ask[ing] the court to modify its earlier disposition of the case because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e)'" (citations omitted)).

> Generally, to prevail on a Rule 59(e) motion, the moving party "must either clearly establish a manifest error of law or must present newly discovered evidence." Notably, a party moving for Rule 59(e) relief may not repeat arguments previously made during summary judgment, nor may it present new arguments on a Rule 59(e) [motion] if such arguments "could, and should, have been made before judgment issued."

Markel Am. Ins. Co. v. Díaz-Santiago, 674 F.3d 21, 32 (1st Cir. 2012) (citations omitted); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure Civil § 2810.1 (3d ed. 1998) (grounds for granting Rule 59(e) motion include manifest error of law or fact; newly discovered, previously unavailable evidence; the need to prevent manifest injustice; and intervening change in controlling law).

In his Rule 59(e) motion (doc. no. 46), Kidd asserts that Attorney Topham provided him with substandard representation, in particular, by failing: to cross-examine the victim regarding inconsistencies in her statements, to allow Kidd to testify, and

3

to call witnesses identified by Kidd.  Each of the above, according to Kidd, prevented the jury from hearing evidence that would impugn the complainant's credibility, resulting, Kidd claims, in a denial of his Sixth and Fourteenth Amendment rights.  Kidd further asserts that the magistrate judge failed to highlight "important" inconsistences in the complainant's statements.  Kidd states that his expert, Attorney George Ostler, specifically cited those inconsistencies when he testified, in a hearing on Kidd's state habeas petition, that Attorney Topham had provided ineffective assistance of counsel to Kidd.

Kidd asserted similar arguments in his objection (doc. no. 28) to the respondent's first motion for summary judgment, and in his objections (doc. nos. 32, 34, and 38) to both report and recommendations in this case.  Such repeated arguments do not provide a basis for granting a Rule 59(e) motion.  See Markel, 674 F.3d at 32.

On the merits, Kidd's arguments are unavailing.  Federal courts reviewing § 2254 petitions apply a deferential standard when reviewing state court findings and legal conclusions, and that standard is doubly deferential when the claim is ineffective assistance of counsel.  See Harrington v. Richter,

131 S. Ct. 770, 785-86 (2011); see also 28 U.S.C. §§ 2254(d)(1) and (2). The deferential standard of review and the doctrine of procedural default, applied by the court in this case, are among the rules in federal habeas proceedings designed to ensure that state court judgments are accorded the necessary degree of finality and respect. Martinez v. Ryan, 132 S. Ct. 1309, 1316 (2012). Because this court correctly applied those doctrines, rules, standards, and presumptions when it granted the summary judgment motions, and the record provides no other basis for reconsidering the order or altering the judgment, Kidd's Motion to Reconsider (doc. no. 46) should be denied.

## Conclusion

For the foregoing reasons, the court should deny Kidd's motion (doc. no. 46). The court should not issue a certificate of appealability, because Kidd has not (1) shown that reasonable jurists could debate whether his petition should have been resolved in a different manner; (2) shown that the issues presented were adequate to deserve encouragement to proceed further; or (3) otherwise made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                      _____
                                      Landya McCafferty
                                      United States Magistrate Judge

March 13, 2012

cc:  Kerry Kidd, pro se
     Elizabeth C. Woodcock, Esq.

LBM:nmd